Brittain v. Anderson.

W. G. BRITTAIN and JOHN COKE v. I. T. ANDERSON.

BILLS AND NOTES. *Garnishment.* The maker of a negotiable promissory note suffered judgment to go against him as garnishee of the payee. Afterwards an innocent holder of the note who had received it for value and in due course, sued the maker and the payee. The maker plead in bar the judgment which had bee rendered against him as garnishee. *Held,* that the defense was not sufficient, and the holder was entitled to a judgment.

FROM KNOX.

Appeal from the Circuit Court.

No counsel marked for either party.

DEADERICK, J., delivered the opinion of the court.

Plaintiffs in error have appealed to this court from the judgment of the Circuit Court of Knox county. From the record it appears that on the 1st of November, 1873, Brittain executed to Coke two promissory notes, each for fifty dollars, and due and payable respectively 1st of March, 1874, and 1st April, 1874.

Each of said notes was transferred by Coke, the payee, by written assignment to Anderson on the 3d of November, 1873, two days after their execution. Suit was brought upon said notes before a justice of the peace, and judgment rendered in favor of Anderson, the assignee, against the maker and assignor, from which they appealed to the circuit court, and agreed that the judge might try the case without the intervention of a jury. He gave judgment for Anderson, and Brittain and Coke have appealed.

It further appears that Buffat & Son sued Coke upon an account on November 29, 1873, and obtained judgment on December 2, 1873, before a justice of the peace of Knox county, and execution having issued was returned *nulla bona*, and W. G. Brittain was notified, as a debtor to Coke, to appear and answer on the 8th of December. Brittain appeared and said he owed Coke four fifty dollar notes, payable monthly, but he did not know who had them, and that Coke owed him forty-seven dollars.

Upon this answer the justice rendered a conditional judgment against Brittain for eighty-three dollars and

forty cents, the amount of Buffat & Son's judgment against Coke. Brittain two or three months afterwards was notified by the justice to appear and show cause, on a day specified in the notice, why the judgment should not be made absolute. Brittain accordingly appeared and stated, that at the time of the service of the garnishment he was indebted to Coke by two notes of fifty dollars each, due respectively 1st of March and 1st of April, 1874, but his best recollection is that he learned, after the service of the garnishment, from said Coke that he had transferred the note, but that he had no notice of the fact at the time he was garnisheed.

Upon this answer the justice rendered an absolute judgment against Brittain as garnishee in case of Buffat & Son, and this judgment is relied upon by him as a bar to the recovery of said notes by Anderson, the assignee of Coke.

The judgment in favor of Buffat & Son forms no bar to the recovery on the notes in the hands of the assignee Anderson.

The notes were negotiable; he took them before they were due, and Brittain's failure to make defenses which he could have done successfully by appealing, or his mistake of law that he was liable as garnishee because he had no notice of the transfer of the notes at the time he was summoned as garnishee, cannot relieve him from his liability on the notes.

The judgment of the the circuit court was therefore correct, and will be affirmed.